Filed 5/19/25  P. v. Padilla CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANK MIGUEL PADILLA, Defendant and Appellant. | B337717 Los Angeles County Super. Ct. No. BA352986 |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge. Reversed and remanded with instructions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, a jury convicted defendant and appellant Frank Miguel Padilla of first degree murder. (Pen. Code,[1] § 187, subd. (a).) The jury also found that Padilla used and personally and intentionally discharged a firearm in the commission of the murder, causing death. (§ 12022.53, subds. (b), (c), & (d).) The trial court sentenced Padilla to 25 years to life for the murder, enhanced by 25 years to life under section 12022.53, subdivision (d), for a total of 50 years to life in state prison. A different panel of this court affirmed the judgment on direct appeal. (*People v. Padilla* (Mar. 27, 2012, B231800) [nonpub. opn.].) Padilla was 16 years old when the murder occurred.

In 2023, Padilla filed a petition for recall and resentencing under section 1170, subdivision (d)(1), which the trial court denied in 2024.[2] The trial court's basis for denying the petition was its conclusion that Padilla's sentence of 50 years to life was not the functional equivalent of an LWOP sentence. On appeal, Padilla argues that the trial court erred in denying him relief because his sentence of 50 years to life is the functional equivalent of an LWOP sentence. On this basis, he contends the case should be remanded for further proceedings on his petition. The Attorney General concedes remand for further proceedings is warranted. We accept the Attorney General's concession and

---

1     All further statutory references are to the Penal Code.

2     Section 1170, subdivision (d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole [LWOP] has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

remand the matter for further proceedings under section 1170, subdivision (d). On remand, the trial court may consider the effect of *People v. Munoz* (2025) 110 Cal.App.5th 499, which was decided after the trial court issued its ruling, and which bears on Padilla's section 1170, subdivision (d) proceedings. We express no opinion on whether Padilla has met section 1170(d)'s requirements or on what relief the court should grant if it concludes he is eligible for recall and resentencing.

## DISPOSITION

We reverse the trial court's order denying Padilla's petition and remand the case for further proceedings under section 1170, subdivision (d).

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.*

We concur:

ZUKIN, Acting P.J.

COLLINS, J.

---

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.